IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                    Case No. 6:20-cr-60005

BOBBY NUTT                                                         DEFENDANT

## ORDER

Before the Court is Defendant Bobby Nutt's Motion for Sentence Reduction.  ECF No. 54.

The Government has responded.  ECF No. 59.  The Court finds the matter ripe for consideration.

## BACKGROUND

On March 4, 2020, an Indictment issued in the Western District of Arkansas named

Defendant in four counts related to distribution of cocaine, being a felon in possession of a firearm,

and possessing a firearm in furtherance of a drug trafficking crime.  ECF No. 1.  Defendant

eventually pled guilty to Counts Three and Four of the Indictment, charging him with Possession

with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), and Possession of a

Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A).

ECF No. 40.  As part of the Plea Agreement, Defendant waived the right to modify his sentence

pursuant to 18 U.S.C. § 3582(c), except for a motion pursuant to Federal Rule of Criminal

Procedure 35(b) filed by the Government.  *Id*. at ¶ 9.  Defendant's final Pre-Sentence Report

("PSR") designated him as a career offender.  ECF No. 46, ¶¶ 53-54.  Defendant's criminal offense

history contributed to creating an applicable United States Sentencing Guideline ("USSG") range

of 262 to 327 months imprisonment.  *Id*. at ¶ 93.  On January 26, 2022, the Court sentenced

Defendant to a total of 152 months imprisonment.  ECF No. 52.

On September 25, 2025, Defendant, proceeding pro se, filed the instant motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 54.  Nutt generally contends that he should be granted a reduction under Amendment 821 to the USSG because of changes in applicable sentencing law.  The Court subsequently appointed the Federal Public Defender (the "Public Defendant") to represent Defendant for the instant motion and to file a supplement on or before December 1, 2025.  ECF No. 56.  On November 25, 2025, the Public Defender submitted a Notice stating that it did not intent to file a supplemental motion on behalf of Defendant.  ECF No. 58.  On December 23, 2025, the Government responded in opposition to Defendant's request to reduce his sentence.

## DISCUSSION

Defendant argues that changes in applicable law since his sentencing entitle him to a sentence reduction.  Defendant's clearest line of argument is that the United States Supreme Court's ruling in *Erlinger v. United States*, 602 U.S. 821 (2024) means that he should no longer be considered a career offender for sentencing purposes and that his sentence should be reduced accordingly.  Defendant also references being under a criminal judgment at the time of his most recent arrest, but there is no further elaboration or argument as to how it applies to his request.  The Court interprets this as a reference to USSG § 4A1.1(e)'s rule on how a defendant's criminal history is adjusted when they committed the instant offense "under any criminal justice sentence[.]"

In its Notice, the Public Defender initially states that Defendant's motion is more accurately characterized as a motion pursuant to 18 U.S.C. § 3582(c)(2) instead of § 3582(c)(1).  The Public Defender then states that there is no basis for filing a motion seeking a sentence reduction under Amendment 821 to the USSG.  The Public Defender first notes that, under

U.S.S.G. § 4B1.1(b), a career offender automatically has a certain level of criminal history applied to their sentencing guideline range, which cannot be reduced by a subsequent motion pursuant to Amendment 821. The Public Defender then contends that an examination of the holding in *Erlinger* does not reveal a basis for sentence reduction. The Public Defender explains that *Erlinger* held that a career offender designation that increases a defendant's statutory penalty requires a unanimous jury finding regarding past offenses occurring on separate occasions. In this matter, the Public Defender notes that Defendant being labeled as a career offender only changed the calculation of his USSG range and not his mandatory minimum or maximum sentence. Additionally, the Public Defendant notes that even if *Erlinger* applied, Defendant was sentenced prior to that ruling and the Supreme Court did not make that ruling retroactive. Lastly, the Public Defender states that an examination of Defendant's two predicate offenses that caused him to be designated a career offender appear to satisfy the requirement of being separate occurrences. Therefore, the Public Defendant declines to file a supplement to the instant motion and requests that the Court simply consider Defendant's pro se arguments.

In response, the Government first argues that Defendant waived his right to challenge his sentence under § 3582(c). The Government points to the condition in the Plea Agreement explicitly stating that Defendant "waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government." ECF No. 49, ¶ 9. Further, Defendant acknowledged in the Plea Agreement that he was entering into the agreement freely, voluntarily, and without reservation. *Id*. at ¶ 25. The Government then contends that the Eighth Circuit has held that such waivers in a plea agreement function to bar a defendant's later motions pursuant to § 3582(c)(2). Next, The Government argues that the Public Defender's substantive assessment of Defendant's motion is correct. The Government contends that

Defendant's designation as a career offender in the PSR renders irrelevant any argument regarding his USSG calculation because the applicable USSG provision holds that a career offender is automatically assigned a certain level of criminal history.  As to any attempt by Defendant to challenge the lawfulness of his sentence under intervening decisions such as *Erlinger*, the Government contends that such motions must be brought pursuant to 28 U.S.C. § 2255.  Because of the future consequences of treating Defendant's motion as one pursuant to § 2255, the Government recommends that the Court provide Defendant with the option to withdraw his motion or amend his motion before requiring the Government to provide a response.  The Government then notes that a § 2255 motion would nevertheless be untimely, and that Defendant also waived his right to bring such motions in his Plea Agreement.

The Court finds that Defendant's motion must be denied to the extent it seeks a sentence modication pursuant to 18 U.S.C. § 3582(c)(2).  Though Defendant submitted his motion on a form for confined pro se litigants seeking "compassionate release" under § 3582(c)(1), his references to his sentencing guidelines calculation makes it clear that he is proceeding under § 3582(c)(2).  Section 3582(c)(2) reads:

> [I] n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  A defendant may waive their right to have their sentence modified pursuant to § 3582(c) if the waiver is done knowingly and voluntarily.  *See U.S. v. Goodloe*, 2025 WL 635440, at *1 (8th Cir. 2025).  Defendant clearly waived his right to such challenges in his Plea Agreement.  ECF No. 40, ¶ 9(e).  Defendant has not presented any argument that he did not

4

knowingly and voluntarily enter into the Plea Agreement. Further, the Plea Agreement Defendant signed clearly states that he entered into it knowingly and voluntarily. *Id*. at ¶ 25(e). Also, the only exception to the § 3582(c) waiver in the Plea Agreement is if the Government brings a motion pursuant to Federal Rule of Criminal Procedure 35(b), which the Government has not done. With no apparent reason to depart from the terms of the Plea Agreement, Defendant's motion must be denied.

The Court notes that it does not characterize the instant motion as one pursuant to 28 U.S.C. § 2255. As the Government attests, that characterization could have significant consequences for Defendant because ruling on such a motion functionally closes the door for later motions pursuant to § 2255. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (cautioning that a court should take measures to inform a defendant of the consequences of the court's recharacterizing a filing as one pursuant to § 2255 and provide them with an opportunity to withdraw or amend the filing). Thus, this Order shall not be construed as any ruling on a request for relief pursuant to § 2255. If Defendant feels that he has grounds for relief under § 2255, he may advance those arguments in a separate motion that more clearly declares his chosen avenue of relief.

For the reasons stated above, Defendant's Motion to Reduce Sentence (ECF No. 55) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of May, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge